GMAC Mtge., LLC v Phillips (2024 NY Slip Op 03884)

GMAC Mtge., LLC v Phillips

2024 NY Slip Op 03884

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-01256
2021-01717
 (Index No. 27817/11)

[*1]GMAC Mortgage, LLC, plaintiff,
v
Courtney Phillips, et al., defendants; U.S. Bank National Association, etc., nonparty-appellant; 1143 East 57th RE, LLC, nonparty-respondent.

Locke Lord LLP, New York, NY (Harry K. Tiwari of counsel), for nonparty-appellant.
Rosenfeld Law Office, PLLC, Lawrence, NY (Avinoam Rosenfeld of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank National Association appeals from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 15, 2016, and (2) an order of the same court (Lawrence Knipel, J.) dated December 12, 2018. The order dated January 15, 2016, denied the unopposed motion of nonparty U.S. Bank National Association for leave to enter a default judgment, to appoint a referee to compute the amount due, and to amend the caption. The order dated December 12, 2018, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated January 15, 2016, and to a prior determination in an order of the same court (Lawrence Knipel, J.) dated May 17, 2017, denying a second unopposed motion of nonparty U.S. Bank National Association for leave to enter a default judgment, to appoint a referee to compute the amount due, and to amend the caption.
ORDERED that the appeal from the order dated January 15, 2016, is dismissed, as that order was superseded by the order dated December 12, 2018, made, in effect, upon reargument; and it is further,
ORDERED that the order dated December 12, 2018, is reversed insofar as appealed from, on the law, and, upon reargument, the orders dated January 15, 2016, and May 17, 2017, are vacated, and thereupon, the motion of nonparty U.S. Bank National Association for leave to enter a default judgment, to appoint a referee to compute the amount due, and to amend the caption is granted; and it is further,
ORDERED that one bill of costs is awarded to nonparty U.S. Bank National Association.
In 2006, the defendant Courtney Phillips (hereinafter the borrower) executed a note [*2]in the principal sum of $436,000 secured by a mortgage on certain real property located in Brooklyn. In 2011, the plaintiff, GMAC Mortgage, LLC, commenced this action to foreclose the mortgage against, among others, the borrower. The borrower and the other defendants failed to appear or answer the complaint. In February 2013, the borrower allegedly transferred the subject property to nonparty 1143 East 57th RE, LLC (hereinafter 1143 East 57th). In May 2013, the plaintiff assigned the mortgage to nonparty U.S. Bank National Association (hereinafter the lender).
Thereafter, the lender moved for leave to enter a default judgment, to appoint a referee to compute the amount due, and to amend the caption. In an order dated January 15, 2016, the Supreme Court denied the unopposed motion on the ground that the lender had failed to establish either compliance with or the inapplicability of RPAPL 1304. The lender moved a second time for the same relief, and the court denied that unopposed motion in an order dated May 17, 2017. The lender then moved for leave to reargue both motions, and 1143 East 57th submitted opposition thereto. In an order dated December 12, 2018, the court, in effect, granted leave to reargue but, upon reargument, adhered to its prior determinations. The lender appeals from the orders dated January 15, 2016, and December 12, 2018.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112; see CPLR 3215[f]).
Pursuant to RPAPL 1304(1), a lender seeking to take legal action against a borrower in connection with a home loan "shall give notice to the borrower" at least ninety days before that lender commences such legal action. While "[a] defense based on noncompliance with RPAPL 1304 may be raised at any time during the action . . . where the defense is never raised by the borrower, the plaintiff is not required to disprove the defense" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882 [citations omitted]). Here, as that defense was never raised by the borrower, who failed to appear in the action or answer the complaint, the Supreme Court erred in sua sponte raising the issue of noncompliance with RPAPL 1304 in connection with the lender's motion (see Chase Home Fin., LLC v Guido, 189 AD3d 1339, 1340; Wells Fargo Bank, N.A. v Morales, 178 AD3d at 882-883).
Moreover, the lender's submissions in support of the motion established its entitlement to leave to enter a default judgment, to the appointment of a referee to compute the amount due, and to amend the caption (see Chase Home Fin., LLC v Guido, 189 AD3d at 1340; U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112).
The parties' remaining contentions are without merit.
Accordingly, upon reargument, the Supreme Court should have granted the lender's motion for leave to enter a default judgment, to appoint a referee to compute the amount due, and to amend the caption.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court